UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE TEAMSTERS LOCAL 456
PENSION, HEALTH & WELFARE ANNUITY,
EDUCATION & TRAINING, S.U.B.,
INDUSTRY ADVANCEMENT AND LEGAL
SERVICES FUNDS and THE WESTCHESTER
TEAMSTERS LOCAL UNION NO. 456,

      Plaintiffs,

- against -

A.G. CONSTRUCTION CORPORATION, a/k/a
A.G. CONSTRUCTION OF NEW JERSEY,

      Defendant.

**OPINION AND ORDER**

12 Civ. 2994 (ER)

---

Ramos, D.J.:

  Plaintiffs, the Trustees of the Teamsters Local 456 Pension, Health & Welfare Annuity, Education & Training, S.U.B., Industry Advancement and Legal Services Funds and the Westchester Teamsters Local Union NO. 456 brought this action against Defendant A.G. Construction Corporation seeking payment for unpaid contributions owed to the benefit funds. On August 10, 2012, the Court issued a default judgment against Defendant. Before the Court is Plaintiffs' motion for civil contempt pursuant to Federal Rule of Civil Procedure 45(g).

  For the reasons stated below, Plaintiffs' motion for contempt is GRANTED.

**I. Procedural Background**

  Plaintiffs filed the Complaint on April 16, 2012. (Doc. 1) Defendant was served on May 2, 2012. (Doc. 2) On June 27, 2012, Plaintiffs filed a request for the Court to enter a default judgment due to Defendant's failure to appear or answer the Summons and Complaint. (Doc. 3)

Two days later, on June 29, the Court issued an Order to Show Cause ordering Defendant to appear for a conference to explain why default judgment should not be entered against it.  (Doc. 4)  The Order to Show Cause was amended and Defendant was ordered to appear on August 10, 2012.  (Doc. 5)  The Show Cause hearing was held, but neither Defendant, nor its counsel, appeared.  Consequently, that day, the Court entered a default judgment against Defendant in the amount of $261,516.01 (the "Judgment").  (Doc. 7)

Attempting to enforce the Judgment, on December 16, 2015, Plaintiffs filed a letter motion seeking to compel Defendant's Chief Executive Officer Antonio Goncalves to respond to Plaintiffs' post-judgment discovery requests and appear for a deposition.  (Doc. 11)  In the letter, Plaintiffs explained that Goncalves was personally served with a copy of a subpoena to testify at a deposition and appeared at Plaintiffs' office requesting additional time to obtain counsel for the deposition.  *Id.*  On April 30, 2015, Michael A. McLaughlin, Esq., who indicated that he was counsel for Goncalves, contacted Plaintiffs and requested copies of the Complaint and the Judgment.  Plaintiffs promptly emailed Mr. McLaughlin the documents requested and inquired about Goncalves's availability for a deposition.  *Id.*  Plaintiffs claim that Mr. McLaughlin did not respond to their email or any subsequent requests for discovery.  *Id.*  Consequently, Plaintiffs sought an order directing Goncalves to respond to discovery requests and appear for a deposition.  *Id.*  On December 18, 2015, Magistrate Judge Paul E. Davison issued the order to compel.

More than two months later, Plaintiffs filed a letter requesting a pre-motion conference to seek leave to file a motion for civil contempt against Goncalves for failure to comply with the subpoena and Magistrate Judge Davison's order.  (Doc. 20)  The Court granted Plaintiffs' request and scheduled a conference for March 15, 2016.  (Doc. 22)  Though the pre-motion

conference was held, Defendant, Defendant's counsel, Goncalves, and his counsel did not appear. As a result, the Court issued an Order directing Goncalves to produce all documents sought in the subpoena by April 7, 2015 and appear for a deposition on April 28, 2016. (Doc. 24) The Order further warned Goncalves that "failure to comply with this order may result in a finding of contempt and such punishment may consist of a fine or imprisonment or both according to law." *Id.* However, neither Goncalves nor his counsel appeared for the deposition on April 28, 2016. *See* Declaration of Jonathan Bardavid in Support of Plaintiffs' Motion for Contempt ("Bardavid Decl.") (Doc. 30) Ex. E.

On May 19, 2016, after receiving no response from Defendant or Goncalves, Plaintiffs filed the instant motion. (Doc. 29) Plaintiffs request that the Court hold Goncalves in contempt and impose a fine of $250.00 and award Plaintiffs' attorneys' fees and expenses in the amount of $5,387.56. *Id.* To date, neither Defendant nor Goncalves has filed a response to Plaintiffs' motion nor appeared before this Court.

## II. Discussion

Federal Rule of Civil Procedure 45(g) provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45. "A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, No. 07 Civ. 7983 (DAB), 2014 WL 1201905, at *3–4 (S.D.N.Y. Mar. 24, 2014) (citing *Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc.*, 341 F.2d 101, 102 (2d Cir. 1965) (*per curiam* )). A movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the

proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. *See Nimkoff*, 2014 WL 1201905, at *4 (citing *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir.1989)).

Here, it is clear from the record that Goncalves has failed to comply with the Court's orders. First, the orders from both this Court and Magistrate Judge Davison were clear and unambiguous. The orders simply directed Goncalves to either appear for a conference or produce discovery pursuant to the subpoena. Indeed, since December 2015, Goncalves has been directed to appear or otherwise respond to Plaintiffs' subpoena and discovery requests four times. It is also clear from the docket that Goncalves has not responded, nor has he made any attempt to respond, to any of the orders. As such, the Court holds Goncalves in contempt and awards Plaintiffs their reasonable attorneys' fees and costs. *See  Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 12 Civ. 2902 (JEC), 2014 WL 4308355, at *1–2 (S.D.N.Y. Aug. 26, 2014) (holding defendant in contempt for failure to comply with plaintiffs' subpoena and awarding plaintiffs' reasonable attorneys' fees and costs).

Accompanying the motion, Plaintiffs have submitted a declaration detailing the attorneys' fees incurred attempting to secure production of the requested discovery. *See* Bardavid Decl. Ex. G. The total amount of attorneys' fees requested is $3,677.50. Plaintiffs also assert that they have incurred $1,710.06 in costs associated with its enforcement attempts in court reporter costs, service fees, and mailings. The Court finds that Plaintiffs' request for $5,387.56 is reasonable and hereby directs Goncalves to pay Plaintiffs' attorneys that sum by **<u>March 10, 2017.</u>**

## III. Conclusion

For the reasons set forth above, Plaintiffs' motion for contempt is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 29.

It is SO ORDERED.

Dated:   February 14, 2017
          New York, New York

                                                      Edgardo Ramos, U.S.D.J.